**Catalino F. SARSOZA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 00–70505.**

**I & NS No. A70–781–576.**

United States Court of Appeals,
Ninth Circuit.

720

Submitted Oct. 11, 2001 *.

Decided Oct. 17, 2001.

Before BRUNETTI, RYMER, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Petitioner Catalino F. Sarsoza, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals's (BIA) decision denying his motion to reopen his deportation proceedings under Article 3 of the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (Convention Against Torture). We have jurisdiction under 8 U.S.C. § 1105a(a), and review the denial of the motion to reopen for an abuse of discretion. *Kamalthas v. INS*, 251 F.3d 1279, 1281 (9th Cir.2001). We deny the petition for review.

First, Sarsoza contends that he established a prima facie case under the Convention Against Torture. However, as the BIA concluded, he failed to carry his burden. Taking into consideration the U.S. Department of State's Philippines Country Report on Human Rights Practices for 1998, *cf. Kamalthas*, 251 F.3d at 1284 (granting petition for review where BIA failed to consider country conditions), and assuming it is true that Sarsoza was involved in seizing illegal arms, heard that his house had been burned down, learned that his children were not enrolled in school, and heard that rumors were being spread that he and his family had been executed, we cannot say that it is more likely than not that Sarsoza would be tortured if removed to the Philippines. 8 C.F.R. § 208.16(c)(2).

Second, Sarsoza asserts that the BIA applied the incorrect standard because under the Convention Against Torture relief "may" be granted based upon his testimony alone, if credible. 8 C.F.R. § 208.16(c)(2). 8 C.F.R. § 208.16(c)(2) provides that the BIA *"may"* find that the applicant has satisfied his burden based upon his or her credible testimony alone, not that it *must.*

Third, Sarsoza claims that he was denied due process when the IJ precluded him

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

from testifying as to events specified in his declaration. However, we have already held otherwise. *Sarsoza v. INS,* 182 F.3d 927 (Table), 1999 WL 274177, *1 (9th Cir. Apr.27, 1999).

PETITION FOR REVIEW DENIED.